IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

VAN POUNDS,

    Plaintiff,

v.

CAMERON SMITH, individually and in his
official capacity; BRIAN LIGHT, individually
and in his official capacity; and, OREGON
DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,

    Defendants,

Case No. 6:19-cv-00420-MK
**OPINION AND ORDER**

---

AIKEN, District Judge:

    This Court previously adopted Magistrate Judge Mustafa Kasubhai's Findings and Recommendation F&R (doc. 13), granting defendants' motion to dismiss plaintiff's complaint and dismissing this case with prejudice. (doc. 19) Now before the Court are defendants' bill of costs (doc. 22), plaintiff's motion to amend or set aside the previous judgement (doc. 25), and plaintiff's motion for leave to file a motion for sanctions (doc. 24), and plaintiff's motion for sanctions. (doc. 30) For the reasons set

Page 1 – OPINION AND ORDER

forth herein, plaintiff's motions are DENIED and defendants are GRANTED costs in the amount of $405.00.

## DISCUSSION

This action arises out of plaintiff's unsuccessful election campaign for a seat on the Oregon Supreme Court. Plaintiff, an employee of Oregon Department of Consumer and Business Services ("DCBS"), brought suit against defendants due to the release of certain personnel records which was made pursuant to a public records request from a journalist. In adopting Judge Kasubhai's F&R, this Court previously found that the allegations in the complaint failed to state any federal law claims upon which relief could be granted. The Court further found that plaintiff's state law claims were barred by 11th Amendment Immunity. The Court addresses each of the pending motions in turn.

I. *Bill of Costs*

Defendants' seek costs in the amount of $405.00. Specifically, $5.00 for docket fees pursuant to 28 U.S.C. § 1923(a) and $400.00 for filling fees pursuant to 28 U.S.C. §§ 1919, 1921.

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005), (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

While Rule 54 creates a presumption in favor of awarding costs to the prevailing party, district Ccurts may refuse to award costs based on the circumstances of a case. *See Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591-93 (9th Cir. 2000). This discretion is not unlimited, and a District Court must specify reasons for its refusal to award costs. *Id.* at 591. There are several appropriate considerations for the Court to weigh, including:

> "(1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party, (3) the chilling effect on prospective litigants; (4) whether the case involves issues of substantial public importance, specifically educational quality, interracial disparities in economic opportunity, and access to positions of social influence; (5) great economic disparity between the parties; (6) whether the issues in the case are close and difficult; and (7) whether Plaintiffs' case, although unsuccessful, had some merit."

*Jefferson v. City of Fremont*, 2015 WL 1264703, at *2 (N.D. Cal. Mar. 19, 2015) (internal citations omitted)

First, the Court notes that plaintiff has not filed any response to this request, despite filing several other unrelated motions and briefing. While there may a significant economic disparity between the parties, there are no facts in the record to show that plaintiff has limited financial resources. The Court further finds that the issues in the case were not close or difficult, as evidenced by the fact that the case was dismissed with prejudice on the pleadings. Given these considerations and the presumption in favor of awarding reasonable costs to a prevailing party, the Court grants defendants costs in the amount of $405.00.

II. *Motion to Amend and Set Aside Judgment*

Plaintiff moves this Court to set aside it's previous judgement pursuant to Rule

52(b) alleging that the ruling was clearly erroneous, based on misstatement of fact and law by defendants, and results in manifest injustice. The Court first notes that Rule 52(b) is inapplicable in this case as it applies to "actions tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1). As this case has not been tried, the Court construes plaintiff's motion as motion for reconsideration pursuant to Rules 59 and 60.

A district court is permitted to reconsider and amend a previous order pursuant to Fed. R. Civ. Pro. 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). Reconsideration is appropriate only if "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Likewise, a Court may grant relief from final judgment pursuant to Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Considering plaintiff's motion, the Court finds that he has not alleged the existence of any newly discovered evidence which would cause the court to reconsider its ruling adopting the F&R. Further, he has not alleged that the judgment is void or has been otherwise discharged. Plaintiff does allege that defendants made misrepresentations of law and fact which led to the adverse rulings. His arguments focus, however, on his own subjective interpretations of both facts and law and do not point to any true misrepresentations or fraud on the part of defendants. The Court finds that defendants did not take any bad faith actions in litigating this case. Thus, the Court denies the motion as construed under Rule 60(b)

Turning to the Rule 59(e) analysis, again plaintiff has not alleged any newly discovered evidence or intervening changes in the law. The Court also finds that there is no clear error or manifest unjustness. The Court has considered plaintiff's arguments and reaffirms its previous order adopting the F&R. Thus, the motion as construed under Rule 59(e) is also denied.

III. *Motions for Sanctions*

Setting aside whether plaintiff actually complied with this District's requirement that parties confer in good faith to resolve issues prior to filing motions, the Court finds that the pending motions (docs. 24 and 30) must be denied. The Court dismissed plaintiff's complaint and denied his motion to set aside the previous judgment. This case is closed, and plaintiff has alleged not sanctionable conduct in the present motions. Accordingly, sanctions under Fed. R. Civ. Pro. 11(c) are

inappropriate in this case.

## CONCLUSION

For the reasons set forth above, defendants' Bill of Costs (doc. 22) is GRANTED, and defendants are awarded costs in the amount of $405.00. Plaintiff's motion to set aside judgment (doc. 25) is DENIED. Plaintiff's Motion for leave to File a Motion for Sanctions (doc. 24) and Motion for Sanctions (doc. 30) are DENIED. The request for oral arguments is denied as unnecessary.

IT IS SO ORDERED.

Dated this 22nd day of January 2020.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge