FILED 06 APR '23 10:55 USDC-ORE

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **VAN POUNDS,**<br>Plaintiff, | Case No. 6:19-cv-00420-MK |
| v. | PLAINTIFF'S MOTION TO<br>DISQUALIFY COUNSEL<br>AND MEMORANDUM |
| **CAMERON SMITH, et al.,**<br>Defendants. | ORAL ARGUMENT REQUESTED |

## PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL AND MEMORANDUM

### LOCAL RULE 7-1 CERTIFICATION

Plaintiff certifies that, by letter to Attorney General Ellen F. Rosenblum dated March 17, 2023, he requested that the Oregon Department of Justice (DOJ) withdraw from its representation of Defendants in this matter and informed Defendants' counsel that, failing such withdrawal, he would be filing this motion to disqualify counsel. DOJ has failed and refused to withdraw as counsel.

### MOTION TO DISQUALIFY COUNSEL

Plaintiff moves the Court to disqualify the DOJ from representing Defendants in this case for reason that attorneys within the DOJ will likely be called as witnesses in this case and that their testimony will likely prove adverse to Defendants. Plaintiff further moves for such disqualification for reason that DOJ's further representation of Defendants in this case is no longer necessary or advisable to protect the interests of the state and will constitute a misuse of public funds for private benefit.

## MEMORANDUM

**Testimony of DOJ attorneys will be adverse to Defendants:**

1. This case involves Defendants' mishandling of a public records request, and Defendants' disclosure of disparaging records beyond the ambit of that request in retaliation for Plaintiff's exercise of his First Amendment right to speak as a private citizen on a matter of public concern. *Pounds v. Smith, et al.*, No. 20-35154 (9th Cir. Aug. 18, 2021). To the extent that DOJ is responsible for the administration of the Oregon public records law, and that DOJ teaches the mechanics of the public records law to state agency personnel, it is likely that DOJ attorneys will be compelled to testify in such regards. Such testimony is anticipated to be adverse to Defendants.

2. To the extent that Defendants have placed, or likely will place, the guidance of DOJ attorneys in issue in this case, DOJ attorneys will be called upon to explain the substance of communications in that regard. *See* Exhibit 9, as incorporated in Plaintiff's First Amended Complaint (Dkt. No. 49) and as attached hereto (wherein Defendant Cameron Smith states "We did consult DOJ for their advice and guidance on this records request."). Such testimony is anticipated to be adverse to Defendants.

3. Plaintiff has already identified Assistant Attorney General Sylvia Van Dyke as a witness in this case. In an e-mail to Defendant Brian Light, Van Dyke appears to have condoned the disclosure of records disparaging Plaintiff, even though such records did not match with the relevant public records request (i.e., the records exceeded the ambit of the request). *See* Exhibits 11 and 12, as incorporated in Plaintiff's First Amended Complaint (Dkt. No. 49) and as attached hereto. Van Dyke will be called upon to explain Exhibit 12. Such testimony is anticipated to be adverse to Defendants.

4. Given that Defendants' counsel is now attempting to disavow Defendants' admissions of material fact before the Ninth Circuit Court of Appeals, Assistant Attorney General Peenesh Shah will be called upon to explain the existence of such admissions. Such testimony is anticipated to be adverse to Defendants.

Oregon Rules of Professional Conduct 3.7(c) states that a lawyer must discontinue representation when it becomes apparent that "a member of the lawyer's firm may be called as a witness other than on behalf of a lawyer's client" and "the firm member's testimony is or may be prejudicial to the lawyer's client." Oregon State Bar Formal Ethics Opinion No. 2005-8 further emphasizes that "If a member of the attorney's firm would expect to give testimony adverse to the firm's client, **the firm must withdraw** from any further handling of the litigation; **this requirement cannot be waived**." (Emphasis added.)

**Further representation of Defendants will constitute a misuse of public funds for private benefit:**

In light of recent ruling by the Court (Dkt. No. 67), it appears that the Department of Consumer and Business Services (DCBS) is no longer a party in this case. That being the case, only Cameron Smith and Brian Light remain as Defendants, and suit will now proceed against them in their individual capacities only. Accordingly, representation by DOJ is no longer necessary or advisable to protect the interests of the State. *See* Or. Rev. Stat. § 180.060(1)(d).

Light is no longer employed by DCBS, and Smith is no longer employed in state government. Both presumably have sufficient individual resources available to provide for their own defense. Taxpayer dollars would better be put to other use.

Oregon Rules of Professional Conduct 1.16(a)(1) requires a lawyer to withdraw from the representation of a client "if the representation will result in violation of the Rules of Professional Conduct or other law."

This Court is authorized to disqualify DOJ from further representation of Defendants in this matter. *See State ex rel. Bryant v. Ellis*, 724 P.2d 811, 812-13 (Or. 1986) (the right to disqualify counsel is an inherent part of the court's authority to prevent breaches of trust and to control the proceedings before it).

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests that the Court disqualify the Oregon Department of Justice from further representation of Defendants in this case.

Dated: April 5, 2023.

Respectfully submitted,

Van Pounds
710 Tillman Ave., SE
Salem, OR 97302
(971) 239-2510
Pronouns: he/him/his

*Plaintiff, Pro se*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL has been mailed USPS first class, postage prepaid, this 5th day of April, 2023 to:

> Ellen F. Rosenblum
> Attorney General
> 1162 Court St., NE
> Salem, OR 97301
>
> J. Marc Abrams
> Assistant Attorney General
> Oregon Department of Justice
> 100 SW Market St.
> Portland, OR 97201

Van Pounds
*Plaintiff, Pro se*