UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VAN POUNDS, | Case No. 6:19-cv-00420-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CAMERON SMITH, individually and in his official capacity; BRIAN LIGHT, individually and in his official capacity, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Before the Court is Defendants Smith and Light's ("Defendants") Bill of Costs. Defs.' Bill of Costs, ECF No. 141. For the reasons explained below, the Court awards Defendants' costs.

**BACKGROUND**

In March 2019, Plaintiff filed his Complaint asserting that the Oregon Department of Consumer and Business Services ("DCBS"), Brian Light, and Cameron Smith violated both his federal and state due process rights and his federal and state free speech rights. Pl.'s Compl. ¶ 34–50, ECF No. 1. On January 8, 2024, Defendants moved for summary judgement asserting the affirmative defense of qualified immunity. Mot. for Summ. J. and Mem., ECF No. 122. This

Court recommended granting Defendants' Motion for Summary Judgment, and the District Judge adopted the recommendation and entered judgment in Defendants' favor. ECF Nos. 134, 139-40. On November 30, 2024, Defendants submitted a Bill of Costs for the Court's consideration. Defs.' Bill of Costs, ECF No. 141. Plaintiff filed an objection, and Defendants replied. Pl.'s Obj. to Defs.' Bill of Costs, ECF No. 144; Defs.' Reply to Pl.'s Obj., ECF No. 145.

Defendants' Bill of Costs consists of the following:

| Deposition/Transcripts Costs — 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) | | | |
|---|---|---|---|
| **Date** | **Deponent** | **Court Reporter** | **Fee** |
| 10/25/2023 | Mark Petersen | Renee Cuffe Court Reporter | $249.90 |
| 11/6/2023 | Brian Light | Renee Cuffe Court Reporter | $362.95 |
| 11/2/2023 | Cameron Smith | Renee Cuffe Court Reporter | $258.30 |
| 11/8/2023 | Van Pounds | Zaro Court Reporting | $1,854.15 |
| 11/8/2023 | Van Pounds | Flex Legal LLC (video deposition) | $1,058.75 |
| 11/20/2023 | (30)(6)(b) deposition of Dane Wilson, Mark Peterson, and Mary Pence (Vol. 1) | Renee Cuffe Court Reporter | $218.40 |
| 12/20/2023 | (30)(6)(b) deposition of Mary Pence (Vol. 2) | Renee Cuffe Court Reporter | $188.40 |
| 1/30/2024 | Jerry Jeff Wayland | Renee Cuffe Court Reporter | $241.50 |
| **Total:** | | | **$4,432.35** |

Dec. of Marc Abrams in Supp. of Defs.' Bill of Costs, ECF No. 143. Defendants also seek recovery for $20.00 for docket fees under 28 U.S.C. § 1923, bringing the grand total to $4,452.35.

## STANDARDS

"Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000). "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "However, a district court's discretion to award costs is limited to particular

types of costs enumerated in 28 U.S.C. § 1920." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015). That is, § "1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). Absent express statutory authority to go further, "the full extent of a federal court's power to shift litigation costs" is defined in § 1920." *W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86, 111 S. Ct. 1138, 113 L. Ed. 2d 68 (1991). A district court does not need to give affirmative reasons for awarding costs; only that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

> The following costs are taxable pursuant to § 1920:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920.

## DISCUSSION

In his objection, Plaintiff asserts that Defendants' Bill of Costs should be denied because (1) Defendants are not prevailing parties, (2) Defendants have not incurred any recoverable costs, (3) the deposition costs purportedly incurred by Defendants were not reasonably necessary to the litigation, and (4) an award of costs to Defendants would be unconscionably inequitable and unjust. The Court finds that Defendants' costs are recoverable under § 1920. Plaintiff's

reasons for denying all costs are not sufficiently persuasive to overcome the presumption in favor of an award.

## I. Prevailing Parties

Plaintiff asserts that Defendants did not prevail because the Court entered summary judgment in their favor based on the affirmative defense of qualified immunity, rather than on the merits of Plaintiff's claim.

"In general, a party in whose favor judgment is rendered by the district court is the prevailing party." *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974). One way that a defendant prevails is when no claims remain against him, and the court enters summary judgment in his favor. *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 742 (9th Cir. 2009).

Here, the Court entered judgment in Defendants' favor, and no claims remain against them. Defendants are the prevailing party within the meaning of Fed. R. Civ. P. 54(d)(1).

## II. Incurring Recoverable Costs

Plaintiff asserts that Defendants' claim for costs should be denied because Defendants have not provided any proof that they personally incurred any out-of-pocket recoverable costs.

Plaintiff's argument is unsupported by legal authority and contrary to the language of the Rule. Fed. R. Civ. P. 54(d)(1) entitles the prevailing *party* to an award of costs without mention of who in fact fronted the bill.

## III. Deposition Costs Necessary to the Litigation

Plaintiff asserts that Defendants have failed to show that their purported deposition costs were reasonable or necessary.

Hourly reporter fees accrued during a deposition are "encompassed" by § 1920(2). *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). "The underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996). A deposition transcript is "necessarily obtained for use in the case" if relied on in a dispositive motion. *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).

Defendants took Plaintiff's deposition on November 8, 2023. During that deposition Defendants spent $1,854.15 on a court reporter and $1,058.75 on a videographer. Section "1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015) .

Here, each printed deposition transcript was relied on at some point by a party during the dispositive motions practice. The costs associated are therefore taxable because the transcripts were necessarily obtained for use in the case. Defendants argue that the video recording of Plaintiff's deposition was "needed to demonstrate [Plaintiff's] demeanor and incivility." Defs.' Reply at 3, ECF No. 145. Throughout the course of this litigation the Court was called on to address the parties' behavior during discovery proceedings. The Court accepts as appropriate Defendants' characterization that the videography costs were necessary given the level of contention involved in this case.

### IV.     Fairness

Plaintiff, as a self-represented party, asserts that it would be unjust and unfair to expect him to bear the costs incurred by Defendants. Defendants contend that recovery of costs in this

case is not unjust or unfair, because Plaintiff is an attorney and knew the rules when he filed this litigation.

Although Fed. R. Civ. P. 54 creates a presumption in favor of awarding costs to the prevailing party, the Rule also "vests in the district court discretion to refuse to award costs" in appropriate circumstances. *Ass'n of Mexican-American Educators*, 231 F.3d at 591 (citation omitted). This discretion is not unlimited, and a district court must specify reasons for its refusal to award costs. *Id.* "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citation omitted). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (citation and quotations omitted).

After reviewing the parties' submission and relevant authority, the Court concludes that considerations of justice and fairness in this case do not outweigh the presumption in favor of costs.

## CONCLUSION

For the reasons above, Defendants' Bill of Costs (ECF No. 141) is GRANTED. Plaintiff is Ordered to pay Defendants $4,452.35.

IT IS SO ORDERED.

DATED this 3rd day of December 2024.

                                                    s/ Mustafa T. Kasubhai
                                                  MUSTAFA T. KASUBHAI (He / Him)
                                                  United States District Judge